BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
MICHAEL W. MITCHELL, TEXAS STATE BAR NO. TX24037126
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE SUITE 210
COEUR D'ALENE, ID 83815
TELEPHONE: (208) 667-6568
FACSIMILE: (208) 667-0814

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SUE ANN LARSON,<br><br>　　　　　Defendant. | Case No. CR-18-0170-N-EJL<br><br>**RULE 11 PLEA AGREEMENT** |

Rev. August 2017 (General)

I.  **GUILTY PLEA**

   A.  **Summary of Terms.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), the defendant, the attorney for the defendant, and the government[1] agree that the defendant will waive indictment by a federal grand jury and plead guilty to counts one and two of the Superseding Information which charges the defendant with Wire Fraud, in violation of 18 U.S.C. § 1343, and Making and Subscribing a False Return, in violation of 26 U.S.C. § 7206(1), respectively. The defendant also admits to the forfeiture allegation in the Superseding Information.

   This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this agreement. Upon acceptance of the defendant's guilty plea to the Superseding Information, and the defendant's full compliance with the other terms of this agreement, the government, will dismiss, under Federal Rule of Criminal Procedure 11(c)(1)(A), the Indictment and agree not to bring further charges against the defendant based upon evidence currently known to the government. "Currently known to the government" is defined as the material provided to defense counsel within the discovery released in this case. The government affirms that it has provided discovery for all crimes known to it at this time. Pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B), the government also agrees to recommend a sentence within the sentencing guideline range as calculated by the district court at the time of sentencing.

   B.  **Oath.** The defendant will be placed under oath at the plea hearing. The government may use any statement that the defendant makes under oath against the defendant in a prosecution for perjury or false statement.

II. **WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL**

---

[1] The word "government" in this Agreement refers to the United States Attorney for the District of Idaho.

**Plea Agreement**　　　　　　　　　　　　　1　　　　　　　　　　　　　Rev. August 2017 (General)

The defendant waives the following rights by pleading guilty pursuant to this agreement: 1) the right to have the charges contained within the Superseding Indictment presented to a federal grand jury for a finding of probable cause; 2) plead not guilty to the offenses charged against the defendant and to persist in that plea; 3) the right to a trial by jury, at which the defendant would be presumed innocent and the burden would be on the government to prove the defendant's guilt beyond a reasonable doubt; 4) the right to have the jury agree unanimously that the defendant was guilty of the offense; 5) the right, at trial, to confront and cross-examine adverse witnesses; 6) the right to present evidence and to compel the attendance of witnesses; and 7) the right not to testify or present evidence without having that held against the defendant. If the court accepts the defendant's guilty plea, there will be no trial.

### III.   NATURE OF THE CHARGES

A.   **Elements of the Crime.** The elements of the crime of Wire Fraud, 18 U.S.C. § 1343, as charged in count one of the Superseding Information, are as follows:

1. The defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations and promises;

2. The defendant acted with the intent to defraud; and

3. That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

The elements of the crime of Making and Subscribing a False Return, 26 U.S.C. § 7206(1), as charged in count two of the Superseding Information, are as follows:

1. The defendant made and signed a tax return for the year 2014 that she knew contained false and incorrect information as to a material matter;

2. The return contained a written declaration that it was being signed subject to the penalties of perjury; and

3. In filing the false tax return, the defendant acted willfully.

B. **Factual Basis.** If this matter were to proceed to trial, the government and the defendant agree that the following facts would be proven beyond a reasonable doubt:

**Wire Fraud**

Beginning in the year 2009, and continuing through on or about February 27, 2018, the defendant, SUE ANN LARSON, did knowingly devise and participate in a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, in violation of Title 18, United States Code, Section 1343. More specifically, between 1988 and March 15, 2018, LARSON was employed as the bookkeeper at Tapley Cabinet Works, Inc., a custom cabinet business located in Coeur d'Alene, Idaho.

Beginning in 2009, and continuing to February 27, 2018, in the District of Idaho and elsewhere, LARSON embezzled money from Tapley Cabinet Works by causing money to transfer from Tapley Cabinet Works' Umpqua bank account to pay her personal credit cards, without permission. Indeed, during the period between May 17, 2013, and February 27, 2018, LARSON transferred $697,252.11, without authority and without lawful purpose. One of these wire transfers, as alleged in count one, occurred on or about May 14, 2015, in the amount of $9,856.05. There, LARSON initiated a wire communication from Tapley Cabinet Works' account at Umpqua Bank in Coeur d'Alene, Idaho, to her personal credit card account held by Capitol One Bank. This wire transfer passed from Idaho, through servers located outside the State of Idaho.

On November 27, 2017, LARSON was interviewed by a Special Agent with the Internal Revenue Service. LARSON admitted to embezzling money from Tapley Cabinet Works through these wire transfers. During another interview months later, LARSON admitted to a Coeur d'Alene Police Officer that she was embezzling from Tapley Cabinet Works by making these wire transfers. Bank records for Tapley Cabinet Works and LARSON were obtained. These bank records reveal that between 2009 and February 27, 2018, LARSON made numerous transfers from the Tapley Cabinet Works bank account to her personal credit card accounts.

### Making and Subscribing a False Return

Between 2012 and 2016, LARSON submitted sworn annual United States Individual Tax Returns, using Form 1040, to the Internal Revenue Service (IRS), submitting the documents from Coeur d'Alene, Idaho. During this period, LARSON willfully failed to report, as income, the money she embezzled from Tapley Cabinet Works.

On May 14, 2015, LARSON sent the IRS a sworn annual United States Individual Tax Return, using Form 1040. Within that document, LARSON reported $45,772 as her income for the calendar year 2014. LARSON knew she reported false and incorrect information within this tax return because she knew she was underreporting her income. LARSON admits that she underreported her income by $243,158.61 for the calendar year 2014. Underreporting her income resulted in failure to pay taxes to the IRS in the amount of $45,631.28 in the calendar year 2014.

## IV. SENTENCING FACTORS

A. **Penalties.** A violation of Wire Fraud, 18 U.S.C. § 1343, as charged in count one of the Superseding Information, is punishable by:

1. a term of imprisonment of not more than twenty years;
2. a term of supervised release of not more than three years;
3. a maximum fine of $250,000, and a special assessment of $100.

A violation of Making and Subscribing a False Return, 26 U.S.C. § 7206(1), as charged in count two of the Superseding Information, is punishable by:

1. a term of imprisonment of not more than three years;
2. a term of supervised release of not more than one year;
3. a maximum fine of $100,000, and a special assessment of $100.

B. **Supervised Release.** The court may impose a period of supervised release. No agreement exists as to the length of supervised release.

The law permits the combined prison time and term of supervised release to exceed the maximum term of incarceration for the crimes to which the defendant is pleading guilty. Violation of any condition of supervised release may result in further penalties and/or prosecution.

C. **Fines and Costs.** The court may impose a fine. No agreement exists as to the amount of the fine. The court may also order the defendant to pay the costs of imprisonment, probation, and supervised release.

D. **Special Assessment.** The defendant will pay the special assessments before sentencing and will furnish a receipt at sentencing. Payment will be made to:

> The United States District Court, Clerk's Office
> Federal Building and United States Courthouse
> 6450 N. Mineral Drive
> Coeur d'Alene, Idaho 83815.

E. **Restitution.** In addition to any forfeiture, fine, or costs imposed, the defendant agrees to pay restitution equal to the loss caused to any victim of the charged offense or scheme (including but not limited to wire fraud, embezzlement, and making and subscribing a false return) and pursuant to any applicable statute. The defendant specifically agrees to pay restitution for the loss suffered by Tapley Cabinet Works, Inc. for the period from 2009 through February

27, 2018. The defendant also agrees to pay to the Internal Revenue Service restitution for her failure to pay taxes on her underreported income for the tax years 2010 through 2016.

The defendant agrees that all monetary penalties imposed by the court, including restitution, will be due immediately and subject to immediate enforcement by the government. The defendant agrees that any payment schedule or plan set by the court is merely a minimum schedule of payments and neither the only method, nor a limitation on the methods, available to the government to enforce the judgment. The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States sentencing guidelines ("USSG") §3E1.1. The defendant agrees to liquidate assets not needed for reasonable daily life activities in a commercially reasonable way, and for fair market value, and pay the proceeds to the Clerk of the Court in satisfaction of her restitution. The defendant will keep the government informed of the plans and steps taken to liquidate assets.

F.   **Forfeiture.** The defendant understands that the court will, upon acceptance of the defendant's guilty pleas, enter a forfeiture order as part of the defendant's sentence. The defendant agrees immediately to forfeit to the government: the property set out in the forfeiture allegation of the Superseding Information to which the defendant is pleading; the property described in any filed bill of particulars; and all property and property interests that constitute proceeds obtained a result of the offense and or property intended for use or used to commit or facilitate the offense, including, but not limited to, the following:

1.   <u>Unrecovered Cash Proceeds and/or Facilitating Property.</u> Any and all sums that represent unrecovered proceeds of the offense of conviction obtained by the defendant, or property derived from or traceable to such proceeds, and property the defendant used to facilitate

the offense (if facilitation is alleged), but based upon actions of the defendant, the property was transferred, diminished, comingled, or is otherwise unavailable.

        2.    <u>Substitute Assets.</u> The defendant agrees to cooperate with the forfeiture of substitute assets. Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, or "any other property of the defendant" up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a.    the property cannot be located upon the exercise of due diligence;
    b.    the property has been transferred, sold to, or deposited with a third person;
    c.    the property has been placed beyond the jurisdiction of the court;
    d.    the property has been substantially diminished in value; and/or
    e.    the property has been commingled with other property that cannot be subdivided without difficulty.

Forfeiture of substitute assets shall not constitute an alteration in the defendant's sentence.

The defendant agrees that the forfeitures herein are separate from all other penalties, including monetary ones, and are also separate from restitution. The defendant agrees to consent to abandonment proceedings as to forfeitable property herein, and to the entry of orders of forfeiture for such property, including civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture. Finally, the defendant agrees to waive the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding: (a) notice of the forfeiture in the charging instrument, (b) advice regarding the forfeiture at the change-of-plea hearing, (c) announcement of the forfeiture at sentencing, and (d) incorporation of the forfeiture in the judgment. If this agreement is withdrawn for any reason, the defendant waives the right to contest all civil and administrative forfeitures that began before the withdrawal.

The defendant agrees to assist fully in the forfeiture of the foregoing assets, and to take all steps necessary to pass clear title to the forfeited assets to the government. The defendant will

thus, for example, execute all documents necessary to transfer such title, assist in bringing any assets located outside of the United States within the jurisdiction of the United States, take whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture, etc. The defendant also agrees to disclose to the government all transfers or expenditures of money or property occurring on or after November 27, 2017, in amounts exceeding $8,000, including but not limited to: real estate, vehicles, investment and bank accounts.

The defendant will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, related civil forfeiture case, or petition for remission or mitigation of forfeiture. Further, the defendant will testify truthfully in any such proceeding. The defendant agrees to waive all challenges, on any grounds, to any forfeiture carried out in accordance with this agreement.

The defendant agrees that the forfeiture provisions of this agreement will survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this Agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall bind the defendant's heirs, successors and assigns until the agreed forfeiture is collected in full. This includes any agreed money judgment amount. If the crime(s) involved victims, then the defendant acknowledges and agrees that this agreement to disgorge the defendant's wrongfully-obtained criminal proceeds for the benefit of the defendant's victims is remedial in nature. Therefore, the defendant intends disgorgement to be completed regardless of any possible future abatement of defendant's criminal conviction. The court shall retain jurisdiction to settle any disputes arising from application of the foregoing forfeiture provisions.

V.      **UNITED STATES SENTENCING GUIDELINES**

**Plea Agreement**                                8                          Rev. August 2017 (General)

A. **Application of Sentencing Guidelines.** The court must consider the USSG in determining an appropriate sentence under 18 U.S.C. § 3553. The defendant agrees that the court may consider "relevant conduct" in determining a sentence pursuant to USSG § 1B1.3.

The court is not a party to this agreement. The agreement does not bind the court's determination of the USSG range. The court will identify the factors that will determine the sentencing range under the USSG. While the court may take the defendant's cooperation, if any, and the recommendations of the parties into account, the court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

Recognizing that the court is not bound by this agreement, the parties agree to the recommendations and requests set forth below.

B. **Sentencing Guidelines Recommendations and Requests.**

    1. **Government's Statements at Sentencing.** The government reserves the right to fully allocute at sentencing regarding any sentencing recommendation and to rely on any information in support of its recommendation regardless of whether the information is contained in the plea agreement or the presentence report.

    2. **Acceptance of Responsibility.** If the defendant clearly accepts responsibility for the offense, the defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under USSG § 3E1.1(a). The government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) the defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is level 16 or greater; and (3) the defendant has timely notified authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently. If, before sentence is imposed, the defendant fails to meet the criteria set out in USSG § 3E1.1, or acts in a manner inconsistent with

acceptance of responsibility, the government will withdraw or decline to make such a recommendation.

      3.    **Amount of Loss:** The parties have not agreed to a loss amount, including the calculation for sentencing guideline purposes. However, the parties agree that the loss amount will include all embezzlement and wire fraud by LARSON from Tapley Cabinet Works, for the period between 2009 and February 27, 2018.

      4.    **Downward Departure or Variance Request by Defendant.** Unless otherwise specified in this paragraph, the defendant will not seek a downward departure or variance under 18 U.S.C. § 3553(a), without first notifying the Government of the defendant's intent to seek a downward departure and the defendant's reasons and basis therefor, such notice to be provided not less than 21 days before the date set for sentencing.

## VI.   WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255

    A.    **Waiver:** In exchange for this agreement, and except as provided in subparagraph B, the defendant waives any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence, including forfeiture and restitution. The waiver of the challenge to the conviction includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of conviction.

    The defendant acknowledges that this waiver shall result in the dismissal of any direct appeal or collateral attack the defendant might file seeking to challenge the plea, conviction or sentence in this case. Further, the filing of such an appeal or collateral attack will breach this agreement and will allow the government to withdraw from the agreement and take other remedial action.

    If the defendant believes the government has not fulfilled its obligations under this agreement, the defendant will object at the time of sentencing; further objections are waived.

B. **Exceptions:**

1. **Direct Appeal:** Notwithstanding subparagraph A, the defendant shall retain the right to file one direct appeal if one of the following unusual circumstances occurs:

   a. the sentence imposed by the court exceeds the statutory maximum;

   b. the court arrived at an advisory USSG range by applying an upward departure under chapter 5K of the USSG; or

   c. the court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory USSG range as determined by the court.

The defendant understands that the above circumstances occur rarely and that in most cases this agreement completely waives all appellate rights.

2. **Motion Under 28 U.S.C. § 2255:** Notwithstanding subparagraph A, the defendant shall retain the right to file a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel.

## VII. PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The defendant agrees to provide material financial and other information requested by a representative of the United States probation office for use in preparing a presentence report. The defendant agrees that the United States probation office may share this information with the government. Failure to execute releases and provide information for the presentence report violates this agreement and relieves the government of its obligations in this agreement. Such failure and response by the government will not, however, constitute grounds for withdrawing the plea of guilty unless the government so requests. Providing materially false information will subject the defendant to additional penalties, including an enhancement under USSG § 3C1.1.

## VIII. DISCLOSING FINANCIAL INFORMATION

The defendant agrees to disclose all of the defendant's assets, property, and sources of income to the government, including all assets over which the defendant exercises or exercised

direct or indirect control including all community property, or in which the defendant has had any financial interest. The defendant also agrees to cooperate in obtaining any records relating to ownership of assets when sought by the government and to cooperate fully in the government's financial investigation. The defendant agrees truthfully to complete a personal financial statement within fourteen days from the date the defendant signs this agreement. If the government provides a financial statement to be completed, the defendant agrees to complete the financial statement truthfully and accurately within fourteen days from the date the defendant signs this agreement or the date the financial statement is provided to the defendant or counsel, whichever is later. The defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k) within seven days of the event giving rise to the changed circumstances. The failure timely and accurately to complete, sign, and update the financial statements as required herein, may constitute failure to accept responsibility under USSG § 3E1.1, as well as other things. Also, failure of the defendant to fully cooperate in good faith in the government's financial investigation (which includes disclosing all information regarding all property and income) is grounds for the government to withdraw from this agreement.

The defendant authorizes the government: (a) to obtain a credit report on the defendant; (b) to inspect and copy all financial documents and information held by the United States probation office; and (c) to obtain financial records related to the defendant.

Before sentencing, defendant agrees not to dissipate any assets without the consent of both the government's financial litigation unit and the asset forfeiture unit. If any assets are sold, any sale proceeds received from sale of assets will be deposited with the clerk and, upon sentencing, paid toward any monetary penalties due as ordered in the judgment.

## IX.    NO RIGHT TO WITHDRAW PLEA

The defendant understands that the court may not follow the recommendations or requests made by the parties at the time of sentencing. The defendant cannot withdraw from this agreement or the guilty plea, regardless of the court's actions.

## X. CONSEQUENCES OF VIOLATING AGREEMENT

**A.** **Government's Options.** If the defendant fails to keep any promise in this agreement or commits a new crime, the government is relieved of any obligation: 1) to make a sentencing recommendation consistent with the terms promised in this agreement; and 2) not to prosecute the defendant on other charges, including charges not pursued due to this agreement. Such charges may be brought without prior notice. In addition, if the government determines after sentence is imposed that the defendant's breach of the agreement warrants further prosecution, the government may choose between letting the conviction(s) under this agreement stand or vacating such conviction(s) so that such charge(s) may be re-prosecuted. If the government determines that a breach warrants prosecution before sentencing, it may withdraw from the agreement in its entirety.

The government's election to pursue any of the above options cannot be a basis for the defendant to withdraw the guilty plea(s) made pursuant to this agreement.

**B.** **Defendant's Waiver of Rights.** If the defendant fails to keep any promise made in this agreement, the defendant gives up the right not to be placed twice in jeopardy for the offense(s) to which the defendant entered a plea of guilty or which were dismissed under this agreement. In addition, for any charge that is brought as a result of the defendant's failure to keep this agreement, the defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations has expired.

Furthermore, if the defendant does not enter an acceptable plea, the government will move to continue the trial now set to allow the government adequate time to prepare. The defendant agrees not to contest such a continuance, and agrees that the resulting delay would be excludable time under 18 U.S.C. § 3161(h).

XI. **MISCELLANEOUS**

A. **No Other Terms.** This agreement is the complete understanding between the parties, and no other promises have been made by the government to the defendant or to the attorney for the defendant. This agreement does not prevent any governmental agency from pursuing civil or administrative actions against the defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this agreement does not bind or obligate governmental entities other than that specified as the government in this agreement (i.e., the United States Attorney's Office for the District of Idaho). The government will bring the defendant's cooperation and pleas to the attention of other prosecuting authorities at the request of the defendant or defense counsel.



B. **Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on the defendant's notification of acceptance of this agreement no later than 5:00 p.m. on ~~January~~ February 26, 2019. CJS

C. **Risk of Removal from the United States.** The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however. While arguments may be made in such a proceeding, it is virtually certain that defendant will be

**Plea Agreement**             14             Rev. August 2017 (General)

removed from the United States. The defendant nevertheless affirms that the defendant wants to plead guilty.

## XII. UNITED STATES' APPROVAL

I have reviewed this matter and the agreement. This agreement constitutes a formal plea offer from the government. Any oral discussions with the defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the government and is rescinded. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

BART M. DAVIS
UNITED STATES ATTORNEY
By:

_____          2-26-19
MICHAEL W. MITCHELL                       Date
Assistant United States Attorney

## XIII. ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this agreement with my attorney. I understand the agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the government, including any Assistant United States Attorney, concerning the plea to be entered in this case. I understand that this agreement constitutes a formal plea offer from the government. Any oral discussions between the government and me or my counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the government and is rescinded. In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including enter a guilty plea. I understand that,

**Plea Agreement**                       15                       Rev. August 2017 (General)

if I am not a citizen or naturalized citizen of the United States, by pleading guilty in this case it is virtually certain that I will be removed from the United States. I am satisfied with my attorney's advice and representation in this case.

x _____  _____2/26/19_____
SUE ANN LARSON                     Date
Defendant

I have read this agreement and have discussed the contents of the agreement with my client. The agreement accurately sets forth the entirety of the agreement. I have conveyed all written offers from the government to the defendant pursuant to *Missouri v. Frye*, 132 S. Ct. 1399, 1408-09 (2012). I understand that this agreement constitutes a formal plea offer from the government. Any oral discussions between the government and me or my client about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the government and is rescinded. I have discussed with my client the fact that if my client is not a citizen or naturalized citizen of the United States, by pleading guilty in this case, it is virtually certain that my client will be removed from the United States. I concur in my client's decision to plead guilty as set forth above.

_____  _____2/26/19_____
COLIN GORMAN PRINCE                Date
Attorney for the defendant